IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ARRON MICHAEL LEWIS                                                                       PLAINTIFF
ADC #151373

v.                          Case No. 2:19-cv-00084-KGB

WENDY KELLEY, Director,
Arkansas Department of Correction, *et al.*                             DEFENDANTS

## ORDER

Before the Court is the Partial Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 71). Defendant Nurse Sara McVay filed an objection to the Partial Recommended Disposition (Dkt. No. 77). After careful consideration of the Partial Recommended Disposition, the objections filed by Nurse McVay, and a *de novo* review of the record, the Court adopts, in part, and declines to adopt, in part, the Partial Recommended Disposition (Dkt. No. 71).

**I.**      **Background**

Plaintiff Arron Michael Lewis filed his *pro se* complaint under 42 U.S.C. § 1983 alleging that Nurse McVay and Arkansas Division of Correction's ("ADC") defendants Corporal Carlock, Sergeant K. Baxter, Sergeant Benjamin Woodard, Corporal Norment, Corporal Southern, Captain Fields (collectively "ADC Defendants") violated his constitutional rights by denying him medical care while he was an inmate at the East Arkansas Regional Unit of the ADC (Dkt. Nos. 2, 5, 7, 13). Nurse McVay and the ADC Defendants filed motions for summary judgment on the issue of exhaustion (Dkt. Nos. 45, 48). Mr. Lewis responded to both motions (Dkt. No. 56). Nurse McVay filed a reply to Mr. Lewis's response, and Mr. Lewis filed a sur-reply (Dkt. Nos. 61, 62).

Judge Ray submitted his Partial Recommended Disposition recommending that the Court grant the ADC Defendants' motion for summary judgment and deny Nurse McVay's motion for summary judgment (Dkt. No. 71, at 16). Nurse McVay filed her objection to Judge Ray's Partial Recommended Disposition (Dkt. No. 77).

The parties do not dispute that Mr. Lewis filed two grievances relevant to the May 25, 2018, incident: (1) grievance EAM18-01250, which was processed as a medical grievance against Nurse McVay; and (2) grievance EAM18-01374, which was processed as a non-medical grievance against the ADC Defendants. Nurse McVay asserts that Mr. Lewis did not appeal timely to the Deputy Director the HSA's Step Two Response to EAM18-01250. In support of her motion for summary judgment, Nurse McVay attaches two sworn affidavits from Medical Grievance Supervisor, Jacqueline Padgett, dated August 12, 2021, and September 17, 2021.[1]

It is undisputed that Mr. Lewis's unit level medical grievance against Nurse McVay EAM18-01250 was found to be "with merit" (Dkt. No. 50-1, at 33). Mr. Lewis states that he timely filed an appeal to the Deputy Director, which was either not received or was not responded to by ADC officials (Dkt. No. 57, at 4-5). Ms. Padgett states that Mr. Lewis submitted an appeal on May 10, 2019, stating "[b]ecause nothing is resolved for me and denying me any treatment must be addressed to the director level." (Dkt. No. 61-1, at 22). The appeal was denied as untimely because the ADC grievance procedure requires an appeal be filed within five days which would have made Mr. Lewis's appeal due on June 26, 2018 (*Id*., at 1, 13, 24). Regardless, Mr. Lewis

---

[1] At the time of her August 12, 2021, affidavit Jacqueline Padgett was known as Jacqueline Buterbaugh (Dkt. No. 61-1 at 1). Defense counsel mistakenly attached the wrong version of the ADC grievance procedure to Ms. Padgett's first affidavit necessitating the second affidavit attached to Nurse McVay's reply to Mr. Lewis's response to the motion for summary judgment (*Id*.). Ms. Padgett averred that the relevant exhaustion requirements were, however, the same under both versions of the grievance procedure (Dkt. No. 61-1, at 1).

now asserts that he fully exhausted EAM18-1250 because his unit level response was deemed with merit and, therefore, there was nothing to appeal (Dkt. No. 57, at 3).

**II.     Analysis**

Nurse McVay objects to the Partial Recommended Disposition asserting that it denies her motion for summary judgment based on an erroneous interpretation of the law.  In denying the motion for summary judgment, Judge Ray relies on *Jones v. Huff* and *Lewis v. Kelley*.  The Court will discuss each case in turn.

Judge Ray states that the court in *Jones v. Huff* denied summary judgment after finding no requirement in the ADC grievance policy for an inmate to appeal a favorable ruling in order to exhaust fully an issue (Dkt. No. 71).  Case No. 5:18-cv-6-DPM-BD, 2018 WL 4189650, at *2 (E.D. Ark. June 12, 2018), *report and recommendation adopted as modified*, 2018 WL 4181635 (E.D. Ark. Aug. 31, 2018).  In *Jones*, however, the court ultimately, after development of the record, granted summary judgment for failure to exhaust administrative remedies even though Mr. Jones's grievance was found to be with merit at the unit level of the grievance process.  *Jones v. Huff*, 2019 WL 3956131, at *2 (E.D. Ark. July 1, 2019) *report and recommendation adopted by Jones v. Huff*, 2019 WL 3973936, *1 (E.D. Ark. Aug. 21, 2019) *aff'd Jones v. Huff*, 802 F. App'x 221 (8th Cir. 2020).  The court concluded that the ADC grievance policy specifically advised inmates that they must exhaust at all levels of the grievance process before filing a lawsuit, and the court found that Mr. Jones had not come forward with any evidence that he had fully exhausted his claims before filing his lawsuit, even though his grievance had been found to be with merit at the unit level.  *Id*.

Judge Ray also cites to *Lewis v. Kelley* which, like Judge Ray, cites to language in the earlier order in *Jones v. Huff*, language that appeared in an order before the record was fully

3

developed and before the court granted summary judgment on exhaustion. *Lewis v. Kelley*, Case No. 2:19-CV-102-DPM-BD, 2020 WL 2393688, at *1 (E.D. Ark. Apr. 13, 2020), *report and recommendation adopted,* No. 2:19-CV-102-DPM-BD, 2020 WL 2347499 (E.D. Ark. May 11, 2020). *Lewis v. Kelley* was not appealed to the Eighth Circuit Court of Appeals.

This Court adopts the reasoning of the court in *Jones* at the summary judgment stage after the record was fully developed that was affirmed by the Eighth Circuit Court of Appeals. In *Booth v. Churner*, the United States Supreme Court made clear that the Prison Litigation Reform Act requires inmates to complete all levels of the administrative process prior to filing a lawsuit, even if the process does not permit an award of money damages. 532 U.S. 731, 739 (2001). The ADC's inmate grievance procedure specifically advises inmates that they, "must fully exhaust grievance prior to filing a lawsuit." (Dkt. No. 61-1 at 6-7). Further the ADC inmate grievance procedure provides, "[i]nmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim." (*Id*., at 19).

Mr. Lewis failed to exhaust EAM18-1250 against Nurse McVay through all levels of the ADC grievance procedure. His failure was highlighted by his attempt to exhaust his grievance on May 10, 2019, nearly a year after the incident giving rise to his claim and a few months before filing this lawsuit.

### III.     Conclusion

The Court adopts, in part, and declines to adopt, in part, the Partial Recommended Disposition (Dkt. No. 71). The Court adopts the recommendation to grant the ADC Defendants' motion for summary judgment and declines to adopt the recommendation to deny Nurse McVay's motion for summary judgment. The Court grants the ADC Defendants' motion for summary

judgment and Nurse McVay's motion for summary judgment (Dkt. Nos 45, 48). Mr. Lewis's claims are dismissed without prejudice for failure to exhaust his administrative remedies.

So ordered this 29th day of August, 2022.

*Kristine G. Baker*
_____
Kristine G. Baker
United States District Judge

5